UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>   v.<br><br>DETECTIVE S. SPENCE,<br><br>        Defendants. | No. 2:17-cv-2617 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

      Plaintiff is a jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges his Fourteenth Amendment right to due process was violated by defendant Detective Spence's alleged defamation. Specifically, plaintiff alleges that in reports and felony warrant requests, defendant Detective Spence used false accusations and claimed that plaintiff is a registered sex offender and had convictions plaintiff has not sustained. (ECF No. 1 at 3.) Plaintiff claims he was jailed and lost everything he owns. Plaintiff seeks money damages.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal citations omitted); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). "In § 1983 cases, it is the constitutional right itself that forms the basis of the claim." Crater v. Galaza, 508 F.3d 1261, 1269 (9th Cir. 2007).

Plaintiff's claims of defamation do not rise to the level of a federal constitutional violation. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Because plaintiff cannot state a federal claim based on alleged defamation, his complaint is dismissed without leave to amend.

Finally, plaintiff has filed two motions regarding filing fees and funds.

On March 29, 2018, plaintiff filed a motion to waive the filing fees in this case so that plaintiff can use his pro se funds for discovery. (ECF No. 9.) However, plaintiff is advised that under 28 U.S.C. § 1915(b)(1), pro se litigants are now required to pay the court's filings fees.

The undersigned has no authority to waive filings fees in this action. Plaintiff's motion is denied.

On April 9, 2018, plaintiff filed a motion requesting that he be provided $500.00 per month in "pro se money to facilitate discovery and other advances" in this case. (ECF No. 10.) Plaintiff is advised that the court has no fund of "pro se money" to assist pro se plaintiffs in litigating their cases.[1] Plaintiff's motion is denied.

IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith;

3. Plaintiff's motions (ECF Nos. 9 & 10) are denied;

4. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

---

[1] To the extent plaintiff is concerned with conserving his financial resources, he may wish to exercise restraint in filing court actions. Since September 8, 2017, plaintiff has filed at least 41 civil rights cases in the Sacramento division of the Eastern District. Under 28 U.S.C. § 1915, if granted leave to proceed in forma pauperis, plaintiff is required to pay the $350 filing fee in each of those cases. Moreover, 28 U.S.C. § 1915(g) contains a "3-strikes" provision which limits court access. Under such provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 4, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hume2617.56