UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

    Plaintiff,

v.

DETECTIVE S. SPENCE,

    Defendant.

No. 2:17-cv-2617 MCE KJN P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a county jail inmate, proceeding pro se. On June 8, 2018, this action was dismissed with prejudice for failure to state a claim.

On June 4, 2018, plaintiff filed an amended complaint. However, plaintiff named a different defendant, and different causes of action from his original complaint. (Compare ECF No. 1 with ECF No. 14.) This type of amending of claims and/or joining of parties is prohibited. See Fed. R. Civ. P. 20(a)(2) (stating defendants may only be joined in one action if claims arise from "same transaction, occurrence, or series of transactions or occurrences"); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating plaintiff may not change nature of suit by alleging new, unrelated claims). As a result, plaintiff's amended complaint (ECF No. 14) is inappropriately filed herein.

On June 13, 2018, plaintiff filed a motion to amend his complaint along with a proposed second amended complaint, and on September 10, 2018, he renewed his motion to amend. In his

1

proposed motion to amend, plaintiff properly named Detective Spence as a defendant, but now claims that defendant Spence violated plaintiff's due process rights under the Fourteenth Amendment when he wrote false reports supporting an arrest warrant for plaintiff's violation of California Penal Code § 290, failure to register as a sex offender. Plaintiff alleges that he had his sex crime misdemeanors expunged under California Penal Code § 1203.4, and argues that he is relieved of any obligation to register under Kelly v. San Francisco Municipal Court (1958). (ECF No. 18 at 4.)

Plaintiff's reliance on Kelly is misplaced. Sixty years ago, in Kelly v. Municipal Court of City & County of San Francisco, 160 Cal. App. 2d 38, 44 (1958), the First District California Court of Appeal held that the sex offender registration requirement under California Penal Code § 290 was "criminal in character" and thus imposed a penalty that would expire upon the defendant's fulfillment of all conditions of probation. However, the California courts have since held that "Kelly is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014). Rather, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id. "Indeed the Legislature enacted section 290.1 with Kelly in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an expungement of their convictions." People v. Fioretti, 54 Cal. App. 4th 1209, 1215 (1997). Therefore, Kelly does not support plaintiff's allegations. Moreover, plaintiff does not assert that he has received a certificate of rehabilitation, as required by Hamdon, 225 Cal. App. 4th at 1073.

Finally, court records reflect that plaintiff confirms under penalty of perjury that he has been convicted and sentenced. Humes v. Sacramento County, No. 2:18-cv-0691 AC P (E.D. Cal.) (ECF No. 1 at 4).[1] As a result, his action for damages is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). A prisoner may not proceed under Section

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If plaintiff is serving a sentence based on a challenged conviction, then he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. Id. at 486-87. For this reason, plaintiff's motions to amend must be denied.

For these reasons, the court finds that the proposed second amended complaint fails to state a cognizable claim and such deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned recommends plaintiff's motions to amend be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions to amend (ECF Nos. 14, 17, 18, 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hume2617.mta

3