UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>         Plaintiff,<br><br>    v.<br><br>DETECTIVE S. SPENCE,<br><br>         Defendant. | No. 2:17-cv-02617 MCE KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action was dismissed on June 8, 2018, with prejudice for plaintiff's failure to state a claim. Subsequently, plaintiff moved to amend.

On November 15, 2018, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In his objections, plaintiff states under penalty of perjury that he is a pre-trial detainee, and has been convicted of nothing. (ECF No. 21 at 2.) However, as noted in the recommendations, court records reflect that plaintiff stated under penalty of perjury that he was convicted of failing to register as a sex offender and sentenced on November 20, 2015. Humes v. Sacramento County, No.

1

2:18-cv-0691 MCE AC P (E.D. Cal.) (ECF No. 1 at 4). Plaintiff does not explain this contradiction. Moreover, the undersigned is not required to determine whether plaintiff is a pretrial detainee or has been convicted because his proposed claims against either defendant Spence or putative defendant Elliston are precluded under either scenario.[1]

First, proposed claims challenging his arrest leading to his pretrial detention are precluded from consideration under Younger v. Harris, 401 U.S. 37 (1971). On September 20, 2018, plaintiff was advised that if plaintiff was awaiting trial, this court may not interfere with the pending state criminal case. Case No. 2:17-cv-2650 JAM AC P (E.D. Cal.) (ECF No. 20, citing Younger.) Under Younger, abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*), and AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Here, just as in Case No. 2:17-cv-2650 JAM AC, based on allegations arising from his arrest resulting in his current pretrial detention, application of the Younger factors require this court to abstain from considering plaintiff's proposed amended claims against defendant Spence or putative defendant Elliston in this federal civil rights action. The state-initiated criminal proceeding against plaintiff is ongoing; the proceeding implicates important state interests including matters of public safety; plaintiff is not barred from raising federal constitutional challenges in the state criminal proceeding; and this court's failure to abstain would directly interfere with the state proceeding. These factors demonstrate that this court should abstain from

---

[1] Plaintiff also objects that his first amended complaint against putative defendant Elliston should not have been dismissed. However, when plaintiff filed the June 4, 2018 amended complaint in this action, plaintiff was prosecuting unlawful arrest claims against putative defendant Elliston and others in Case No. 2:17-cv-2650 JAM AC (E.D. Cal.) (filed December 20, 2017). Thus, the allegations included in the proposed June 4, 2018 amended complaint filed in this action, should have been included in plaintiff's complaint against Elliston in Case No. 2:17-cv-2650 JAM AC. In any event, as discussed herein, plaintiff's claims against Elliston are precluded by Younger or Heck.

considering plaintiff's claims in this federal civil rights action, which should therefore be dismissed.

On the other hand, as explained by the magistrate judge, to the extent plaintiff claims he has been wrongfully convicted, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. Muhammad v. Close, 540 U.S. 749, 751 (2004). Thus, any claim that plaintiff is wrongfully in custody is barred by Heck.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court adopts the recommendation that plaintiff's motions to amend be denied because any action for damages based on a criminal conviction is barred by Heck, and further finds that amendment at this time as to defendant Spence or putative defendant Elliston is futile due to the Younger abstention doctrine.

Accordingly, IT IS HEREBY ORDERED that:

1. The court adopts the November 15, 2018 recommendation as set forth above;

2. Further amendment is futile under Younger; and

3. Plaintiff's motions to amend (ECF Nos. 14, 17, 18, 19) are denied.

IT IS SO ORDERED.

Dated: March 28, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE